# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: S.S.**

**No. 13-1040** (Gilmer County 12-JA-9)

**FILED**

**February 18, 2014**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Mother, by counsel Kevin W. Hughart, appeals the Circuit Court of Gilmer County's September 23, 2013, order terminating her parental rights to S.S.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee A. Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem, Daniel K. Armstrong, filed a response on behalf of the child supporting the circuit court's order. Petitioner filed a reply. On appeal, petitioner alleges that the circuit court erred in revoking her extended improvement period based on actions that occurred prior to the extension commencing.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2012, the DHHR filed a petition alleging that petitioner abused her daughter, S.S., due to chronic domestic violence in the home between the parents. Less than a week later, the DHHR filed an amended petition alleging additional instances of domestic violence in the home, and that following the most recent incident of domestic violence, petitioner left the child in the care of the father, the perpetrator of the domestic violence, while he was intoxicated and "passed out." In June of 2012, the circuit court held an adjudicatory hearing, found petitioner to be an abusing parent, and granted her a post-adjudicatory improvement period.

In September of 2012, the guardian filed a motion to revoke petitioner's improvement period, alleging that she tested positive for amphetamines and methamphetamines on August 27, 2012. In October of 2012, the DHHR filed a motion to revoke petitioner's improvement period and terminate her parental rights, citing the failed drug screens and her failure to participate in parenting classes or find suitable housing. It was also noted that while petitioner attended visitation with the child, she repeatedly left early. Prior to a ruling on these motions, the guardian

---

[1] The abuse and neglect proceedings below concerned additional children that are not petitioner's biological children. Petitioner raises no argument in regard to these children and, as such, this memorandum decision concerns only the termination of her parental rights to S.S.

ad litem filed a new report in January of 2013 indicating that petitioner had no new positive drug screens, had obtained a home, and was bonding with her child during visitation. Based upon these changes, the guardian withdrew the previous motion and requested that petitioner be granted an additional improvement period with a gradual plan for reunification. The circuit court thereafter granted petitioner an extension to her improvement period to end on June 25, 2013. In late June of 2013, the guardian filed a motion to return the child to petitioner's physical custody pending a final dispositional hearing.

However, on June 26, 2013, an in-home service provider reported that petitioner's behavior was odd and erratic. Petitioner appeared to be crying upon the worker's arrival and was screaming at someone before the worker entered the home, yet petitioner was alone. The DHHR alleged that two days later, petitioner reported for a drug and alcohol screen and tested positive for alcohol and the prescription drug Norco. According to the DHHR, petitioner provided a prescription for the drug that had been filled the day before, but despite being issued ten pills, the bottle was empty. The circuit court suspended petitioner's visitation rights the next day. On July 17, 2013, the DHHR filed a motion seeking termination of petitioner's parental rights.

The circuit court held a dispositional hearing in August of 2013, during which it reinstated petitioner's previously suspended visitation rights and granted petitioner an additional three-month extension to her improvement period. The circuit court also ordered petitioner to undergo a drug screen following the hearing. Petitioner's screen was positive for amphetamine and methamphetamine. Following the screen, the guardian filed a motion to suspend visitation and schedule a dispositional hearing. In September of 2013, the circuit court held a dispositional hearing during which petitioner admitted to using methamphetamine that caused her to test positive in August of 2013. Petitioner moved the circuit court for a further extension to her improvement period, but the circuit court denied the same and terminated her parental rights. It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Upon our review, the Court finds no error in the circuit court's decision to revoke petitioner's improvement period. Petitioner's argument on this issue is based entirely on the fact that by the time she tested positive for amphetamine and methamphetamine on August 8, 2013, she had already been granted an extension to her improvement period on the same day. While petitioner argues that it was error to revoke her improvement period for conduct that occurred prior to the improvement period commencing, the Court finds no merit in this argument. To the contrary, on August 8, 2013, the circuit court simply extended petitioner's previously granted improvement period and a continual condition of that improvement period was that petitioner remain drug free. By petitioner's own admission, she violated this term of her improvement period.

Pursuant to West Virginia Code § 49-6-12(f), the DHHR has a duty to monitor a parent's progress within an improvement period, and a further affirmative duty to inform the circuit court of any failure to participate in services. That code section further states, in pertinent part, that "[w]hen the [DHHR] demonstrates that the [parent] has failed to participate in any provision of the improvement period, the court shall forthwith terminate the improvement period." W.Va. Code § 49-6-12(f) (2014). As such, it is clear that the circuit court did not err in terminating petitioner's improvement period due to her failure to abide by the terms of the same.

While petitioner argues that she was not provided an opportunity to prove to the circuit court that she was capable of correcting the conditions of abuse and neglect because "the improvement period was revoked just a matter of days after it was granted," the Court disagrees. The record clearly establishes that petitioner had well over a year to participate in an improvement period, but she continued to abuse drugs in contradiction of the express terms of the improvement period. This Court has held that "courts are not required to exhaust every speculative possibility of parental improvement before terminating parental rights where it appears that the welfare of the child will be seriously threatened . . . ." Syl. Pt. 4, in part, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011) (quoting Syl. Pt. 1, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980)). As such, we find no error in the circuit court terminating petitioner's improvement period due to her non-compliance.

For the foregoing reasons, we find no error in the circuit court's decision to terminate petitioner's parental rights and its September 23, 2013, order is hereby affirmed.

Affirmed.

**ISSUED**: February 18, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II